**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-7922**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

BERNARD GIBSON, SR., a/k/a Bernard Willis,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:94-cr-00454-PJM-2; 8:09-cv-01913-PJM)

───────────

Submitted: December 17, 2009     Decided: December 31, 2009

───────────

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Bernard Gibson, Sr., Appellant Pro Se. Sandra Wilkinson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Gibson, Sr., seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp. 2009) motion, and dismissing it on that basis.[*] He also appeals the district court's text order denying reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and

---

[*] To the extent Gibson challenges the district court's alternative finding that, if the motion were construed as a true Rule 60(b) motion, see Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005), he failed to demonstrate extraordinary circumstances, we find that Gibson failed to meet the standard for obtaining a certificate of appealability.

2

conclude that Gibson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Gibson's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C.A. § 2255. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Gibson's claim does not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>